UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LA SALLE MANOR,

   Plaintiff,

  v.

DAWN IVERSON,

   Defendant.

Case No. 16-cv-06284-JCS

**REPORT AND RECOMMENDATION REGARDING SUA SPONTE REMAND**

## I. INTRODUCTION

This is an unlawful detainer action that Plaintiff La Salle Manor ("La Salle") originally filed in state court. Defendant Dawn Iverson removed, asserting without further explanation that "[f]ederal question exists because Defendant's Answer, a pleading depend [sic] on the determination of Defendant's rights and Plaintiff's duties under federal law." Notice of Removal (dkt. 1) ¶ 10. The undersigned recommends that this case be REMANDED to the Superior Court of California for the County of Contra Costa, but that no attorneys' fees be awarded. This case will be reassigned a to a United States district judge for further proceedings, including action on these recommendations. Any party may file objections to these recommendations within fourteen days of being served with a copy of this Report.

## II. ANALYSIS

### A. Legal Standard

Federal courts have limited subject matter jurisdiction and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108−09 (1941). The Ninth Circuit recognizes a "strong presumption

1  against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks
2  omitted).  Any doubts as to removability should be resolved in favor of remand.  *Matheson v.*
3  *Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  The defendant bears the
4  burden of showing that removal is proper.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th
5  Cir. 2004).  A district court may remand a case to state court sua sponte if it determines that
6  jurisdiction is lacking.  28 U.S.C. § 1447(c); *see Smith v. Mylan, Inc.*, 761 F.3d 1042, 1043 (9th
7  Cir. 2014).

8  District courts have jurisdiction—commonly known as "federal question" jurisdiction—
9  over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28
10 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-
11 pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal
12 question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v.*
13 *Williams*, 482 U.S. 386, 392 (1987).  "Thus, it is now settled law that a case may not be removed
14 to federal court on the basis of a federal defense . . . even if the defense is anticipated in the
15 plaintiff's complaint, and even if both parties concede that the federal defense is the only question
16 truly at issue." *Id.* at 393.

### B. Iverson Has Not Demonstrated Federal Question Jurisdiction

Unlawful detainer is a state law claim that does not implicate federal law.  *See, e.g.*, *Litton Loan Servicing, L.P. v. Villegas*, C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011).  No other basis for federal question jurisdiction is apparent from La Salle's Complaint.  Whether Iverson's Answer in this case raises an issue of federal law is irrelevant to jurisdiction.[1]  *See Caterpillar*, 482 U.S. at 393.  The undersigned therefore recommends that this case be REMANDED to the Superior Court of California for the County of Contra Costa.

### C. The Undersigned Does Not Recommend Awarding Fees

If a case is improperly removed, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28

---

[1] Although not relevant to the outcome, the undersigned also notes that the Answer does not appear to raise any issue of federal law.  *See* Notice of Removal at ECF pp. 8−9 (Answer).

2

U.S.C. § 1447(c). An award of attorneys' fees may be appropriate where removal has been "sought for the purpose of prolonging litigation and imposing costs on the opposing party," and "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140−41 (2005).

This case presents a close call as to whether fees should be awarded. Iverson's removal was objectively unreasonable. On the other hand, Iverson is indigent and unrepresented, and there is no indication that she has engaged in a pattern of improper delay. There is also no indication that La Salle has incurred any attorneys' fees as a result of Iverson's improper removal. The undersigned recommends that the Court decline to require Iverson to pay La Salle's attorneys' fees, but admonishes Iverson that further frivolous removals may result in sanctions.

### III.   CONCLUSION

Because all parties have not consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c), this case will be reassigned to a United States district judge for further proceedings, including action on the recommendations of this Report. Any party may file objections to these recommendations within fourteen days of being served with a copy of this Report.

Iverson, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either office, and telephone appointments are available. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

Dated: November 2, 2016

JOSEPH C. SPERO
Chief Magistrate Judge